Peter A. Romero, Esq.
LAW OFFICE OF PETER A. ROMERO PLLC
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSE MIRANDA, on behalf of himself and all other
persons similarly situated,

                Plaintiffs,                       **COMPLAINT**

-against-

WATRAL BROTHERS, INC., WATRAL
CONTRACTING CORP., THOMAS WATRAL and
JOHN WATRAL

                Defendants.
-----------------------------------------------------------------------X

      Plaintiff, JOSE MIRANDA, on behalf of himself and all other persons similarly situated, by and through his attorney, Peter A. Romero, Esq., complaining of the Defendants, allege as follows:

## NATURE OF THE CLAIM

1. This action is brought on behalf of Plaintiff and a putative class of individuals who provided labor for Defendants WATRAL BROTHERS, INC. and WATRAL CONTRACTING CORP. and/or other related entities (collectively referred to hereinafter as "WATRAL"), to recover unpaid overtime wages pursuant to federal and state statutes, as well as wages and benefits which Plaintiff and members of the putative class were contractually entitled to receive for work they performed on various Public Works Projects.

1

2. Plaintiff was a laborer for Defendants' business providing demolition and excavation services for commercial and residential projects, including public works projects. Plaintiff brings this action to recover unpaid premium overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"), and to recover unpaid prevailing wages owed to Plaintiff and similarly situated individuals as third-party beneficiaries of contracts entered into between Defendants and public entities.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

6. Defendants do business in the State of New York, within the Eastern District of New York.

## THE PARTIES

7. The Plaintiff, JOSE MIRANDA ("MIRANDA"), is a resident of the County of Suffolk, State of New York.

8. At all times relevant to the complaint, Plaintiff MIRANDA was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

9. Plaintiff MIRANDA was employed by the Defendants as a manual laborer from in or about 2010 until in or about September 2017.

10. Defendant, WATRAL BROTHERS, INC., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

11. At all relevant times, Defendant, WATRAL BROTHERS, INC., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

12. At all times relevant, Defendant, WATRAL BROTHERS, INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

13. Defendant, WATRAL CONTRACTING CORP., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

14. At all relevant times, Defendant, WATRAL CONTRACTING CORP., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

15. At all times relevant, Defendant, WATRAL CONTRACTING CORP., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

16. The Defendant, THOMAS WATRAL, resides in Suffolk County and owns and/or operates WATRAL BROTHERS INC.

17. The Defendant, THOMAS WATRAL, is the President or Chief Executive Officer of WATRAL BROTHERS INC.

18. The Defendant THOMAS WATRAL is a shareholder of the Defendant WATRAL BROTHERS INC.

19. The Defendant THOMAS WATRAL has authority to make payroll and personnel decisions for the Defendant WATRAL BROTHERS, INC.

20. The Defendant, THOMAS WATRAL, is the President or Chief Executive Officer of WATRAL CONTRACTING CORP.

21. The Defendant THOMAS WATRAL is a shareholder of the Defendant WATRAL CONTRACTING CORP.

22. The Defendant THOMAS WATRAL has authority to make payroll and personnel decisions for the Defendant WATRAL CONTRACTING CORP.

23. The Defendant, THOMAS WATRAL, is active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

24. The defendant THOMAS WATRAL, as a result of his position as manager and/or owner of the corporate defendants is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

25. The Defendant THOMAS WATRAL is an employer pursuant to the FLSA, 29 U.S.C. 203(d) and the regulations promulgated thereunder, and is jointly and severally liable with the corporate defendants.

26. The Defendant, JOHN WATRAL, resides in Suffolk County and owns and/or operates WATRAL BROTHERS, INC.

27. The Defendant, JOHN WATRAL, is the President or Chief Executive Officer of WATRAL BROTHERS, INC.

28. The Defendant JOHN WATRAL is a shareholder of the Defendant WATRAL BROTHERS INC.

29. The Defendant JOHN WATRAL has authority to make payroll and personnel decisions for the Defendant WATRAL BROTHERS, INC.

30. The Defendant, JOHN WATRAL, is the President or Chief Executive Officer of WATRAL CONTRACTING CORP.

31. The Defendant JOHN WATRAL is a shareholder of the Defendant WATRAL CONTRACTING CORP.

32. The Defendant JOHN WATRAL has authority to make payroll and personnel decisions for the Defendant WATRAL CONTRACTING CORP.

33. The Defendant, JOHN WATRAL, is active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

34. The defendant JOHN WATRAL, as a result of his position as manager and/or owner of the corporate defendants is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

35. The Defendant JOHN WATRAL is an employer pursuant to the FLSA, 29 U.S.C. 203(d) and the regulations promulgated thereunder, and is jointly and severally liable with the corporate defendants.

## FACTS

36.     Defendants provide demolition and excavation services.

37.     At all relevant times, the WATRAL Defendants contracted with governmental entities to provide demolition and excavation services upon Public Works Projects, including, but not limited to, projects at public schools.

38.     At all relevant times, the WATRAL Defendants performed work on Public Works Projects as a subcontractor.

39.     Upon information and belief, the contracts for these Public Works Projects required that Defendants pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects. Upon information and belief, the public works contracts also provided that any subcontracts that Defendants entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.

40.     As required by law, a schedule containing the prevailing rates of wages and supplemental benefits to be paid to the Plaintiff should have been annexed to and formed as part of the public works contracts. If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

41.     The promise to pay and ensure payment of the prevailing wage and supplemental benefit rate in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise and the contracts entered into between Defendants and public entities.

42. Plaintiff and similarly situated individuals have not received wages for all hours worked at the rates required by the public works contracts.

43. At times, Defendants presented Plaintiff with a paycheck with an hourly rate corresponding to the prevailing wage rate, but required Plaintiff to cash the prevailing wage paycheck and pay back to Defendants the full amount of the check and/or "kickback" the prevailing wages to Defendants.

44. At other times, Defendants removed Plaintiff's name from certified payroll records in order to circumvent and/or evade their obligation to pay Plaintiff at the prevailing wage rate required by the public works contracts.

45. As employees of Defendants who were assigned to work on Defendants' publicly financed projects, Plaintiff and the putative members of the collective and class action were intended third-party beneficiaries of Defendants' public works contracts.

46. Defendants failed to pay Plaintiff and the putative collective and class action members at the appropriate prevailing wage rates for their publicly financed contracts.

47. Plaintiff regularly worked in excess of forty hours per week.

48. Plaintiff worked more than forty hours in most workweeks in which he was employed by the Defendants, but was not paid overtime compensation for the hours he worked after forty hours per week.

49. Defendants paid Plaintiff at times wholly or partially in cash.

50. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

51. Defendants failed to provide Plaintiff with a notice and acknowledgement of their wage rate upon Plaintiff's hire as required by Labor Law §195.

52. Defendants failed to provide Plaintiff with an accurate wage statement each pay period as required by Labor Law §195.

## COLLECTIVE ACTION ALLEGATIONS

53. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

54. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

55. Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants, at any time during the three (3) years prior to the filing of their respective consent forms.

56. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should

be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

57. Plaintiff brings claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as manual laborers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

58. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

59. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as manual laborers at any time during the six (6) years prior to the filing of this Complaint.

60. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

61. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members the appropriate prevailing wage rates and supplemental benefit rates for labor they performed on Public Works Projects;

(b) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation for hours worked in excess of forty hours in a single workweek;

(c) Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Class Members;

(d) whether Defendants failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

(e) whether Defendants failed to furnish the Plaintiff and Class Members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(f) whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws;

(g) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class;

(h) whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(i) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

62. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

63. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

64. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

65. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

66. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

67. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the

relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

68. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

69. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

71. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

72. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

73. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW UNPAID OVERTIME WAGES

74. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and failed to compensate the Plaintiff and Class Members for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

76. By defendants' failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

77. Defendants' violations of the New York Labor Law as described in this Complaint have been willful and intentional.

78. Due to defendants' violations of the New York Labor Law, Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## BREACH OF CONRACT AS THIRD-PARTY BENEFICIARIES

79. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

80. The WATRAL Defendants entered into contracts with one or more third parties to provide demolition and/or excavation services on Public Works Projects for which Plaintiff and Class Members provided labor.

81. The WATRAL Defendants agreed as part of such contracts and/or as a matter of law were required by such contracts to pay Plaintiff and Class Members a "prevailing wage."

82. The Plaintiff and Class Members were third-party beneficiaries of the contracts entered into by the WATRAL Defendants.

83. The WATRAL Defendants breached the Public Works contracts in that they failed to pay Plaintiff and Class Members the prevailing wages for all labor performed on the Public Works and that Plaintiff and Class Members did not receive the monies they were due as third-party beneficiaries of the contracts.

84. The WATRAL Defendants are liable to Plaintiff and Class Members for damages based upon an accounting of the wages the Plaintiff and Class Members were paid and the wages they were entitled to be paid as third-party beneficiaries of the contracts.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF NEW YORK LABOR LAW SECTION 195

85. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants failed to provide Plaintiff and Class Members with a written notice upon hire regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the Labor Law.

87. Defendants failed to provide Plaintiff and Class Members with true and accurate statements of their wages each pay period.

88. Due to defendant's failure to provide Plaintiff and Class Members with the notice and statement required by Section 195 of the Labor Law, Plaintiff and Class Members are entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii)   Unpaid wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv)    Unpaid prevailing wages and supplemental benefits;

(v)     Damages pursuant to New York State Labor Law §195;

(vi)    Certification of a class action pursuant to Fed.R.Civ.P. 23;

(vii)   All attorneys' fees and costs incurred in prosecuting these claims; and

(viii)  Such other relief as this Court deems just and proper.

Dated: Babylon, New York
       October 3, 2017

                           LAW OFFICE OF PETER A. ROMERO PLLC

                    By:    /s/ Peter A. Romero
                           Peter A. Romero, Esq.
                           103 Cooper Street
                           Babylon, NY 11702
                           (631) 257-5588
                           Promero@RomeroLawNY.com

                           *Attorneys for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Watral Contrracting Corp. and Watral Brothers Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_Jose D Miranda_       _9/17/17_
Jose D. Miranda          Date